[Crim. No. 3610. In Bank.—January 20, 1933.]

THE PEOPLE, Respondent, v. GEORGE SMITH, Appellant.

Ernest Spagnoli for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

SEAWELL, J.—The defendant, George Smith, together with one Charles Rossi, true name John Kazarin, was jointly accused by the grand jury of the county of Alameda of having murdered one Reinhold A. Frey on or about December 20, 1930. They were subsequently placed on trial and were both convicted of murder of the first degree, with the penalty fixed at death. Pending the appeal Kazarin committed suicide. The conviction of George Smith was

affirmed by this court on June 30, 1932, and the judgment became final thirty days thereafter.

Appellant comes to this court on a purported appeal from an order made by the Superior Court of the County of Alameda in a proceeding taken after the judgment of conviction had become final, which order herein appealed from denied appellant's belated motion for an order striking the indictment in which appellant was charged with murder from the files of said superior court, and for an order vacating, annulling and setting aside the judgment of conviction. The notice was filed on August 29, 1932, and proceedings pursuant thereto were immediately commenced and prosecuted to a final determination. The contention of appellant, as well as we are enabled to understand his position, is based upon alleged irregularities, in that the grand jury which returned and presented the indictment was an illegal body for the reason that the veniremen from which the grand jury of nineteen members was impaneled were not selected by a majority of the judges of the Superior Court of Alameda County, as provided by sections 204 and 204d of the Code of Civil Procedure. His point seems to be that there was no written order on file in the county clerk's office of Alameda County, signed by a majority of the judges, fixing the number and ordering the listing and selection of the grand jurors to be listed for grand jury service prior to the day the jury commissioner presented said list to the court. It appears from the record of said proceedings that the jury commissioner, on or about the middle of December, 1929, prepared a list of persons to be summoned for grand jury duty, consisting of sixty, and that on the twenty-seventh day of January, 1930, this list of proposed grand jurors was presented to the Superior Court of Alameda County in bank, at which time all members of the court were present, and by their signatures designated said persons as presented grand jurors for the ensuing year, and from this list the grand jury which indicted the appellant was drawn. It also appears from the testimony in the case that the order designating the number of grand jurors and which also designated the persons to serve as grand jurors was performed as one act on January 27, 1930. It further appears that said list, prior to January 27, 1930, had at least come

to the attention of one or more members of the Superior Court of Alameda County, and from this circumstance and from the further fact that all of the judges of said court signed said order, it must be presumed that they had knowledge of the nature and importance of the act which they were performing.

It seems to be the contention of the appellant that the tentative preparation of the list by the jury commissioner made prior to the day upon which the order was signed by the judges was made without authority of law, and that said superior court was without power to adopt the list of persons so presented by the commissioner for grand jury service because the list, as he terms it, was prematurely prepared by said jury commissioner. We are unable to follow appellant in his contention. The fact that the jury commissioner, whose duty it was to prepare a list of qualified persons to serve as grand jurors, in fact made up a list a week or two before the court met for the purpose of listing or selecting grand jurors, could not debar or disqualify the judges from accepting the list as prepared by the jury commissioner without changes if the judges so determined. The fact that the judges indorsed the list, as shown by the evidence adduced upon the hearing, and further, that they actually appended their names thereto, is conclusive on this subject. Counsel complains that the presiding judge at the hearing refused to permit him to call each member of the Superior Court of Alameda County and interrogate him as to his knowledge of the qualifications of the men who constituted the list, and the manner in which they had been selected. It is very clear from the testimony of the presiding judge, who was examined by appellant, and from the examinations of the custodians of the records in the proceeding, that there was nothing that appellant could have elicited from any of said judges which was not before the court, and, indeed, about which there was any serious dispute. Every fact and circumstance essential to rendering a decision upon the matter was before the court time and again, and the facts of the case for the purpose of this decision may be accepted in accordance with the theory of appellant, and yet he would not be entitled to prevail upon any of the issues tendered by him.

■ As a matter of law the court would have been entirely justified in dismissing the proceeding. We have here the spectacle of appellant attempting to reopen a case which had become final approximately one month prior to the inauguration of this unusual proceeding. Appellant cites cases holding that grand juries summoned by an élisor, a person not entitled to summon a grand jury except in case where there is a disqualification of the sheriff, are illegal bodies. The proceedings had in the cases cited by him were commenced before the trial and conviction of the petitioner. In at least one of those cases this court granted a writ of prohibition, holding that the trial court was without jurisdiction to try the cause and that defendant had no plain, speedy or adequate remedy at law. (*Bruner* v. *Superior Court*, 92 Cal. 239 [28 Pac. 341].) The most that could be said of the proceedings herein complained against, conceding the facts to be as contended for by appellant, would be an irregularity which would not go to the jurisdiction of the cause.

It will be recalled that this court very fully considered the law and facts of this case when presented for our decision upon its merits. (*People* v. *Smith and Rossi*, 215 Cal. 749 [12 Pac. (2d) 945].) All of the questions of law raised by the appellant are there considered and disposed of. A motion was made by appellant to set aside the indictment on the ground that it did not conform with sections 241, 242 and 243 of the Code of Civil Procedure, in that the court ordered the names of thirty grand jurors drawn, and although said names were drawn, only twenty-eight were served or summoned. This was appellant's only ground of motion to set aside the indictment. We discussed this alleged error in said cause, and held that it was entirely without merit. Again, on motion for new trial, the appellant moved in arrest of judgment that the indictment did not conform to the requirements of sections 950, 951 and 952 of the Penal Code, and, further, that said grand jury was not impaneled in compliance with sections 241, 242 and 243 of the Code of Civil Procedure, in that thirty names were drawn from the grand jury box and two of said number were not served—a question heretofore disposed of. No other contention was made as to the illegality of the grand jury or the irregularity of the proceeding in

any respect. The proceeding taken one month after said judgment became final is based upon other sections of the code than those raised by motion to set aside the indictment or in arrest of judgment, and said sections were not presented or urged on a motion for new trial. We have examined the proceedings and say unhesitatingly that there is not a scintilla of merit in the showing made on the delayed motion to set aside the indictment or annul the judgment. We would be justified in dismissing the proceedings, but have concluded that in the circumstances of the case we should affirm the order.

The judgments and orders made in said proceedings are therefore affirmed.

Shenk, J., Curtis, J., Preston, J., Langdon, J., Thompson, J., and Waste, C. J., concurred.

Rehearing denied.