[Crim. No. 3651.  In Bank.—July 12, 1933.]

THE PEOPLE, Respondent, v. GEORGE SMITH, Appellant.

Ernest Spagnoli for Appellant.

U. S. Webb, Attorney-General, for Respondent.

THE COURT.—The defendant and appellant herein, George Smith, and John Kazarin were jointly tried and convicted in the Superior Court of the County of Alameda of murder of the first degree, and sentenced to suffer the death penalty for having murdered Reinhold A. Frey. Both appealed to this court. Pending said appeal Kazarin committed suicide. Smith's appeal, after a lengthy review of the facts and the law applicable to his case by this court, resulted in the judgment of conviction being affirmed. (*People* v. *Smith*, 215 Cal. 749 [12 Pac. (2d) 945].) It appeared from the evidence by the testimony of a large number of eye-witnesses and other incontrovertible facts that the defendants, both making their headquarters in the city of San Francisco, had planned to apprehend the deceased, who was a frail man in stature and past fifty years of age, as he was returning to his place of business from a near-by bank in the city of Oakland carrying a satchel containing moneys, which he had deposited the evening before for safekeeping, as was his custom, and to rob him and escape by means of an automobile which they were operating under a license plate which they had stolen from another automobile. As Smith assailed Frey, at about the hour of 9 o'clock in the forenoon, and was using force and violence in an attempt to wrench the satchel from Frey's possession, the latter by outcries attracted the attention of passers-by. Smith, thwarted in his attempt, backed away from Frey, who was close to the building line, to the edge

of the sidewalk, drew his pistol and wickedly fired the shot which proved fatal. He then escaped from the scene in a waiting automobile operated by his accomplice, Kazarin. Both were in due time apprehended and convicted, as herein set forth. The appeal taken by Smith resulted in an affirmance of the judgment, filed June 30, 1932. A petition for a rehearing upon due consideration was denied.

After said judgment had become final and at the time judgment was to be reimposed on said Smith, as provided by law, Ernest Spagnoli, attorney for said Smith, appeared before said Superior Court of the County of Alameda in presentation of a motion for an order striking the indictment from the files and for an order vacating, annulling and setting aside the judgment of conviction. (*People* v. *Smith,* 217 Cal. 267 [18 Pac. (2d) 329, 330].) The trial court denied the motion, which possessed not a semblance of merit, and an appeal was taken to this court from the trial court's order denying defendant relief by reason of his unwarranted proceeding. This court upon the matter presented said:

"We have examined the proceedings and say unhesitatingly that there is not a scintilla of merit in the showing made on the delayed motion to set aside the indictment or annul the judgment. We would be justified in dismissing the proceedings, but have concluded that in the circumstances of the case we should affirm the order." In the face of what we there said the attorney for appellant Smith again prepared and filed in the court in which Smith was convicted another proceeding of like character, which is equally as devoid of merit as was the first motion. In fact this is but another attempt, fashioned after the same theory as the first, to set aside the indictment and annul the judgment of conviction. Every objection which appellant attempts to make specifically upon this appeal could and should have been presented before or during the trial of appellant, and doubtless would have been presented if counsel believed that it possessed any real merit. Many of the objections here made were necessarily involved in the general propositions of law which are so well settled as to become axiomatic. Appellant has pursued a course of attacking by piecemeal the judgment which has foreclosed every issue included in his motion.

We are forced to the conclusion by the history of the matter before us that appellant, in again coming to this court on an appeal which involves nothing of substance, has done so either from a lack of understanding of substantive criminal law and procedure, or else he is moved by a wilful purpose to obstruct by unwarranted methods the enforcement of judicial decrees and orders. If the appellant may assign as grounds for separate appeals specific questions which he may have presented upon his appeal, and in some instances which he did actually raise, upon the denial of a motion to set aside the indictment and annul the judgment after said judgment has become final, under the guise that said denial is an order made after judgment affecting the substantial rights of the parties (sec. 1237, subd. 3, Pen. Code), there would scarcely be a procedural finality to criminal cases. In certain cases execution of the judgment would practically be blocked by the employment of dilatory tactics. Of course, it was not intended that section 1237 of the Penal Code should be turned to any such purpose. ▮ The substantial rights of the defendant therein referred to do not include justiciable questions which have been foreclosed by an appeal taken in the law's forms. Substantial rights are not denied where the person charged had a full and fair opportunity to invoke every privilege or right which the law accords to the accused, and where no deceit or fraud has been practiced upon him. ▮ Certainly no substantial right was violated by the trial court's disposal of appellant's motion.

▮ Appellant challenges by his unusual proceeding the constitutionality of section 190 of the Penal Code, on the ground that it contravenes article I, section 7, of the California state Constitution, as amended in 1928, permitting the accused in criminal cases to waive a trial by jury. Appellant contends that section 190 of the Penal Code is unconstitutional, and, if not in conflict with it, it has been repealed by said constitutional amendment of 1928. This argument is based upon the phrasing of said section 190, which omits to provide that the court is empowered to impose the penalty in first degree murder in case a jury is waived. The statute provides for the fixing of punishment at the discretion of the *jury trying the case,* but makes no mention of the power of the trial court sitting without a jury to fix punish-

ment. The section does empower the court to fix the penalty in case the accused pleads guilty to a charge of murder of the first degree. Said section has not been amended since the adoption of said constitutional amendment of 1928, and as a matter of course trial of felony cases by the court upon a waiver of the jury trial was not permitted by the Constitution prior to said amendment. The proposition whether the power given to courts by the Constitution to try criminal cases without the aid of a jury upon a waiver of a jury trial by the accused, and also to determine guilt in all such cases, does also, by necessary implication, confer upon said trial courts the power to determine and impose the penalty of the law—as favorably as the proposition may appeal to us—is not necessarily involved herein, inasmuch as the defendant in this case did not offer to waive a jury trial, or in any way indicate that he desired to waive a trial by jury and be tried by the court. His conviction in nowise involves the waiver of a jury trial, or the power of the court to pronounce sentence in waiver cases. He was convicted by the jury in the usual way, and there is no foundation for the claim that the procedure did not literally conform with both the statute and the Constitution, or that it violated either. ■ Even if there was no provision expressly authorizing a court to fix the penalty in cases tried by the court upon waiver of trial by jury, appellant would still come within the ample provisions of section 190, as all murder cases have come since it was first adopted many years ago.

■ It is finally claimed that section 190 is void as not having a uniform operation, and as violative of the granting of privileges and immunities clauses, and as being in other respects in conflict with constitutional provisions enacted for the protection of life and liberty which are usually cited in criminal cases. One specific ground urged is that it exempts youths under eighteen years of age from suffering the extreme penalty of the law for murder committed when under the age of eighteen years, while other sections of the criminal code provide, without regard to the age of the offender, for the infliction of the death penalty for the commission of certain crimes, such as the derailment or wrecking of trains; setting fire to railroad bridges; perjury or subornation of perjury in procuring the conviction and

execution of an innocent person; assault by a person undergoing a life sentence in a state prison with a deadly weapon. We have not been given the benefit of any reasons which would tend to support the claim that said cited sections have any relevancy or bearing upon the validity of section 190. That the legislature may classify crimes, and prescribe severer punishment for the commission of one class than for another as a deterrent against the commission of more heinous crimes in the exercise of its police power and in the protection of life and property, is no longer open to question. The brief of appellant presents no argument germane to the violation of any constitutional provisions, state or national. Appellant cites no code section which supports his appeal on any ground.

This appeal is entirely frivolous. While this court has always yielded ready willingness to the examination of records upon which criminal convictions are obtained, especially those carrying the death penalty, it is not willing to extend its sanction to the unauthorized and utterly unwarranted proceedings which characterize this and the former appeal from the order of dismissal of a similar motion. (*People* v. *Smith*, 217 Cal. 267 [18 Pac. (2d) 329].) It must have occurred to appellant's attorney that he has long since exhausted all legal remedies which this court is empowered to grant. A repetition of the practice herein attempted will call for the exercise of the disciplinary powers of this court.

The appeal or proceeding, being frivolous and without merit, is dismissed, with directions to the trial court to proceed with the execution of its judgment as provided by law.