[Crim. No. 1741.   Third Appellate District.—November 18, 1940.]

THE PEOPLE, Respondent, v. MEL SIMPSON, Appellant.

Mel Simpson, *in pro. per.,* for Appellant.

Earl Warren, Attorney-General, and J. Q. Brown, Deputy Attorney-General, for Respondent.

THE COURT.—This is a motion to dismiss an attempted appeal.   Defendant was convicted of robbery.   Upon the date set for pronouncing sentence the defendant was in the hospital recovering from an attempted suicide, and the matter of sentencing defendant was continued one week.   On that day the defendant appeared in court and moved for a new trial, and consented that the matter be continued to a time some six days later.   On that day the motion for a new trial was heard and denied, and the defendant sentenced to the state prison.   No appeal was taken from the judgment, nor motion made in arrest thereof.   Some seven or eight months

thereafter, however, defendant moved to vacate, annul and set aside the judgment. This motion was promptly heard and denied.

Defendant now attempts to appeal from that order denying his motion to vacate and set aside the judgment. This precise question was before this court in *People* v. *Carkeek*, 35 Cal. App. (2d) 499 [96 Pac. (2d) 132], wherein a motion such as this to dismiss an attempted appeal was granted.

The matter there having been fully considered it is not necessary here to discuss this question further. (See, also, *People* v. *Birdsell*, 21 Cal. App. (2d) 682 [70 Pac. (2d) 231], and *People* v. *Smith*, 217 Cal. 267 [18 Pac. (2d) 329].)

A second objection urged by defendant is that the court failed to pronounce judgment within the time prescribed by law. (Secs. 1191 and 1202 of the Penal Code.) This point also is decided against the contention of defendant in *People* v. *Pollock*, 31 Cal. App. (2d) 747 [89 Pac. (2d) 128].

For the foregoing reasons the motion to dismiss the appeal is granted, and the appeal dismissed. It is so ordered.