[Crim. No. 4233.   Second Dist., Div. One.   Aug. 23, 1948.]

THE PEOPLE, Respondent, v. JACKSON M. WEATHER-FORD, Appellant.

James R. Jaffray and Ben Van Tress for Appellant.

Fred N. Howser, Attorney General, Frank Richards, Deputy Attorney General, William E. Simpson, District Attorney, Jere J. Sullivan and Robert Wheeler, Deputy District Attorneys, for Respondent.

DORAN. J.—The present controversy concerning responsibility for the murder of Mary Annette Struck on April 5, 1943, has been before the courts on several different occasions. The defendant's first conviction of murder, with punishment fixed at life imprisonment, was reversed in *People* v. *Weatherford*, 27 Cal.2d 401 [164 P.2d 753]. After a second trial of the appellant, a similar verdict of guilty was returned on June 14, 1946, which conviction was affirmed in *People* v. *Weatherford*, 78 Cal.App.2d 669 [178 P.2d 816]. The Supreme Court denied appellant's petition for a hearing.

On January 8, 1948, the appellant filed in the superior court notice of a "Motion to Set Aside Judgment," on the ground that "said judgment was rendered and entered in violation of the Constitution of the United States and the Constitution of the State of California, and is void." More explicitly, appellant contended that "the Court has no right or power to instruct the jury on questions of fact, that when a Court does do that, from the moment of the instruction . . . a defendant is denied his constitutional right, he is denied due process of law and from then on every act is void." There was a demurrer to the motion, on the ground that it was not shown that appellant did not have a trial on the merits, that no extrinsic fraud, coercion or duress was alleged, and that the questions presented were moot, having been raised and adjudicated in *People* v. *Weatherford*, 78 Cal.App.2d 669 [178 P.2d 816]. On January 26, 1948, the trial court sustained the demurrer, and, "on its merits," denied appellant's motion

to vacate the judgment. The present appeal is from that order.

According to appellant's brief, "when the trial court instructs the jury in language which inevitably instructs them that the defendant killed the deceased, there has been such a departure from due process of law that the trial court thereupon lost jurisdiction to proceed to judgment"; that the judgment entered "is void on the face of the record, and may be directly attacked by a motion to vacate, and such motion is not impeded by proceedings for new trial or by appeal."

Appellant's opening brief apparently treats the motion to vacate the conviction as in the nature of a writ of error *coram nobis*, although the motion was not so designated, and cites *People* v. *Gilbert*, 25 Cal.2d 422, 444 [154 P.2d 657] where the court says: "This judgment . . . shall not preclude either defendant . . . from applying . . . in the superior court for . . . *coram nobis*." However, the brief concedes that "[I]t is not the province of the court . . . to review mere errors properly reviewable on appeal," quoting from *In re Steve*, 73 Cal.App.2d 697, 714 [167 P.2d 243]; and from *People* v. *Egan*, 73 Cal.App.2d 894, 899 [167 P.2d 766], the latter case stating that "[T]he writ may not be used to cure irregularities occurring at the trial except in such circumstances of extrinsic fraud which actually deprived the petitioner of a trial on the merits." The motion is likewise so treated in respondent's brief which states that "a motion to vacate a judgment in a criminal case upon grounds which made such motion the equivalent of a writ of error *coram nobis* must be regarded as a part of the proceedings in the criminal case and that an order denying an application for relief in the nature of *coram nobis* is an appealable order," citing *In re Paiva* (1948), 31 Cal.2d 503 [190 P.2d 604], and *People* v. *Darcy*, 79 Cal.App.2d 683 [180 P.2d 752]. The Darcy case also states that "It is settled law . . . that the writ of error *coram nobis* 'never issues to correct an error of law nor . . . to redress an irregularity occurring at the trial, such as misconduct of the jury, or of the court, or of any officer of the court (except under circumstances amounting to extrinsic fraud which in effect deprived the petitioner of a trial upon the merits).' "

It is clearly evident from the cases cited and other decisions bearing on this point, that the common law remedy of *coram nobis* is, at best, extremely limited in scope. It also

seems clear that, in the instant case the matters complained of, namely, the giving of alleged erroneous instructions to the jury, are, in the language of the cited cases, merely irregularities occurring at the trial, reviewable on appeal from the conviction but not properly cognizable by way of *coram nobis*. And this, notwithstanding appellant's insistence that because of the court's instructions there was a denial of due process and therefore a loss of jurisdiction to render valid judgment. As pointed out in the respondent's brief, no extrinsic fraud, duress or mistake, or anything of that nature, is alleged either in appellant's motion to vacate the judgment or in the briefs filed on this appeal. And, in any event, the record fails to sustain the contentions therein made. There is no showing of any denial of due process either in respect to the giving of instructions, or otherwise.

The proposition that instructions must be read and considered as a whole needs no citation of authorities. Yet, appellant's contention that the trial judge in effect charged that "defendant did kill the deceased," is predicated entirely upon a forced interpretation of certain isolated phrases culled from the instructions given. Even a superficial examination of the charge as a whole reveals that the contention is without merit. The instructions, which were detailed and precise, charged that the jurors were "the sole and exclusive judges of the weight of evidence," and in the usual terms, treated such matters as presumption of innocence, burden of proof, circumstantial evidence, etc.

The language used in *People* v. *Smith,* 217 Cal. 267, 272 [18 P.2d 329], and in *People* v. *Smith,* 218 Cal. 484, 486 [24 P.2d 166], is directly applicable to the present controversy. The defendant had there, as here, been convicted of murder, and thereafter twice appealed from denial of motions to annul the judgment. In the first Smith appeal, the Supreme Court said: "We have examined the proceedings and say unhesitatingly that there is not a scintilla of merit in the showing made on the delayed motion. . . . We would be justified in dismissing the proceedings, but have concluded that in the circumstances of the case we should affirm the order." In 218 Cal. 484, 486, the court further said: "If the appellant may assign as grounds for separate appeals specific questions which he may have presented upon his appeal [from the judgment], and in some instances which he did actually raise, upon the denial of a motion to set aside the indictment and annul the judgment after said judgment has become final, . . . there

would scarcely be a procedural finality to criminal cases. . . . Substantial rights are not denied where the person charged had a full and fair opportunity to invoke every privilege or right which the law accords to the accused, and where no deceit or fraud has been practiced upon him. Certainly no substantial right was violated by the trial court's disposal of appellant's motion.''

The order appealed from is affirmed.

York, P. J., and White, J., concurred.

A petition for a rehearing was denied September 2, 1948, and appellant's petition for a hearing by the Supreme Court was denied September 20, 1948.