THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. JOSÉ CRUZADO ORTIZ, Defendant and Appellant.

No. 10743.   Argued February 24, 1953.—Decided May 15, 1953.

*Santos P. Amadeo* and *Práxedes Álvarez Leandry* for appellant. *Juan B. Fernández Badillo, Acting Secretary of Justice, J. Rivera Barreras, Fiscal of the Supreme Court,* and *Rafael L. Ydrach, Assistant Fiscal,* for appellee.

Mr. JUSTICE ORTIZ delivered the opinion of the Court.

On December 5, 1951, appellant José Cruzado Ortiz, filed in the former District Court of Puerto Rico, Mayagüez Section, a Motion to Set Aside Judgments. On April 29, 1952, the court denied the motion and the petitioner appealed.

It appears from the aforesaid motion and from the record, that the facts involved are the following:

In November 1950, the Prosecuting Attorney of the District Court of Puerto Rico, Mayagüez Section (now Superior Court) filed five informations for assault with intent to commit murder, one information for a violation of the Explosives Act (Act No. 67 of 1934, Sess. Laws, p. 458), an information for carrying weapons and an information for a violation of an Act Regulating Firearms (Act No. 14 of 1936, Spec. Sess. Laws, p. 128) against appellant and the following persons: Ezequiel Lugo Morales, Eladio Sotomayor, José Antonio Vélez, Noé Marty, Domingo Lugo Ruiz, Rafael Méndez Negrón, José Angel Balett and Adán Montalvo.

On January 10, 1951 and after arraignment, appellant José Cruzado Ortiz pleaded not guilty and moved for a separate trial by jury. On February 14, 1951, date set for trial of the cases of assault with intent to commit murder against defendant José Cruzado Ortiz, he personally and through his counsel waived the trial by jury and moved that his cases be tried by the court. By agreement between counsel and the prosecuting attorneys the court continued the hearing of said cases for March 5, 1951, as well as the cases for carrying weapons, violation of the Act Regulating Firearms and violation of the Explosives Act. On that same day, February 14, 1951, defendants Ezequiel Lugo Morales, Eladio Sotomayor, José Antonio Vélez, Noé Marty, Domingo Lugo Ruiz, Rafael Méndez Negrón, José Angel Balett and Adán

Montalvo, were jointly tried by jury for the offenses of assault with intent to commit murder. In accordance with the verdict rendered on February 23, 1951, four of them were acquitted of the offenses charged and the others were found guilty.

On March 5, 1951, defendant José Cruzado Ortiz appeared personally and assisted by counsel at the trial of the cases which had been set for that date. The prosecuting attorneys as well as counsel for defendant agreed to stipulate and did stipulate, with the approval of the lower court, to submit the cases of assault with intent to commit murder, of violation of the Firearms and of the Explosives Acts on the evidence introduced by the defense and by the prosecution at the trial against the afore-mentioned codefendants, including the entire cross-examination and redirect examination of each one of the witnesses for both sides. After the former stipulation the trial was adjourned.

On April 23, 1951, when the trial against defendant José Cruzado Ortiz was resumed and after the former stipulation was ratified in the presence of defendant, the prosecuting attorney as well as one of the attorneys for the defense argued the case. Thereupon the court on petition of the defendant allowed until April 27, 1951 in order that he could file a memorandum of authorities in connection with the offenses charged against him.

On April 30, 1951 the court, presided by Judge Willis Ramos Vázquez, found defendant José Cruzado Ortiz guilty of the five offenses of assault with intent to commit murder and of the violations of the Firearms Act and the Explosives Act. Defendant, through one of his attorneys, waived the term for rendering judgment and he was sentenced to serve an indeterminate sentence of from one to twelve years in the penitentiary for each one of the offenses of assault with intent to commit murder, three years in jail for

violation of the Explosives Act and two years in jail for each one of the offenses of carrying weapons and non-registration thereof.

Defendant appealed from those judgments but his appeals were dismissed for abandonment. (See the decisions of this Court of November 5, 1951).

The reasons given by appellant in support of his motion of December 5, 1951 requesting the annulment of said sentences are set forth in the assignment of errors which he alleges were committed by the lower court.

Appellant contends that:

The Court erred in not holding that the waiver made by this counsel of the constitutional right to confront the witnesses was null and void because it was in conflict with paragraph 1, Article 2 of the Organic Act of Puerto Rico and with §§ 2, 5 and 11, Paragraph 4 of the Code of Criminal Procedure of Puerto Rico.

The Court erred in not holding that the stipulation presented by appellant's counsel submitting his case on the testimony which was presented in the prosecution against the codefendants constituted a violation of the Sixth Amendment of the Constitution of the United States; of Paragraph 3 of Article 2 of the Organic Act of Puerto Rico and of § 179 of the Code of Criminal Procedure of Puerto Rico which require that in a prosecution for felony, the defendant must be personally present at the trial.

Before considering the afore-mentioned assignments of error we must decide a preliminary question of law raised by the *Fiscal* of this Court in the sense that the motion filed by appellant partakes of the nature of a writ of *coram nobis* and that, as such, it does not state facts sufficient to warrant said relief. The *Fiscal* further alleges that the questions raised by the petitioner are appealable and that since he failed to raise them timely by way of appeal he can not use them now as grounds for his motion to set aside the judgments.

However, a motion to set aside a judgment may partake of the nature of a writ of *coram nobis*. *People* v. *Gerena*, 72 P.R.R. 211; *People* v. *Zaragoza*, 72 P.R.R. 385, 387; *Ponce* v. *F. Badrena e Hijo, Inc., ante*, p. 210. Nevertheless, the writ of *coram nobis* is predicated on errors that refer to facts which fail to appear from the record, that is, extrinsic to the record, which facts existed at the time the judgment was rendered and that if known by the court would have affected its decision when failure to offer the evidence was due to an excusable mistake on the part of the petitioner and not to his negligence. *Ponce* v. *Badrena e Hijo, supra*, and cases cited therein in connection with penal procedure; *People* v. *Wilson*, 236 P.2d 9; *People* v. *Kretchmar*, 72 P.2d 243. A remedy in the nature of a writ of *coram nobis* issues when a defendant has been deprived of substantial rights, when the question involves a previous determination of facts which do not appear from the original record. *People* v. *Weatherford*, 196 P.2d 832, 834; *People* v. *Egan*, 167 P.2d 766; *People* v. *Deutsch*, 60 P.2d 155; *People* v. *Schwartz*, 257 Pac. 71.

The case herein exclusively raises questions of law and the facts on which the contentions are based appear in the original record and are not in issue. Therefore, the motion in the case at bar is not in the nature of a writ of *coram nobis*. However, from the point of substantial justice and reality the title given to a motion does not determine its intrinsic nature. *Ponce* v. *Badrena e Hijo, supra*. Our judicial philosophy no longer admits that matters be decided on the mystic of formal language. If a judgment deprives a defendant of his constitutional or substantial rights or if it is rendered without jurisdiction, he may attack the validity of said judgment directly by motion even if it is not in the nature of a writ of *coram nobis*. *Bojinoff* v. *People*, 85 N. E. 2d 909, 912; *Hogan* v. *Court*, 68 N. E. 2d 849, 851. Said direct attack by motion has the same purpose as a writ of habeas corpus when attended by the afore-men-

tioned circumstances. Precisely, a federal statute was approved by the Congress of the United States in 1948 (28 U.S.C.A. § 2255), to the effect that if a judgment is vulnerable to collateral attack for which a writ of habeas corpus may be used, the defendant must first resort to the remedy by motion to vacate a judgment and not through habeas corpus unless it appears that remedy by motion is inadequate or ineffective. *Birtch* v. *United States*, 173 F. 2d 316, certiorari denied in 337 U. S. 944. Said statute is not applicable in this jurisdiction. However, said statutory provision was the result of a former state of jurisprudence by virtue of which the courts had decided, even in the absence of a specific statute to that effect, that a prisoner is entitled to resort, in the alternative, to a habeas corpus or a motion to set aside the judgment, for the purpose of invoking jurisdictional or constitutional errors in a judgment. *Bowen* v. *United States*, 134 F. 2d 845, 846; *Roberts* v. *United States*, 158 F. 2d 150, *United States* v. *Steese*, 144 F. 2d 439; *United States* v. *Runion*, 47 F. Supp. 594; *People* v. *Drysch*, 143 N. E. 100; *City of Chicago* v. *Nodeck*, 67 N. E. 39; *Commonwealth* v. *Downer*, 53 Atl. 2d 897; *Mossew* v. *United States*, 266 Fed. 18; *Gilmore* v. *United States*, 124 F. 2d 537; *Corrollo* v. *United States*, 151 F. 2d 666; *Peeler* v. *United States*, 163 F. 2d 823; *Thornburg* v. *United States*, 164 F. 2d 37; *State* v. *O'Keith*, 15 P. 2d 443; *Preston* v. *State*, 158 So. 135.

Therefore, the motion to set aside the judgment filed in the case at bar was in order. Since it concerned constitutional questions of a substantial character, the fact that the appeals from the judgments had been dismissed by this Court for abandonment, must not impede or bar the consideration of said motion.

We pass on to examine the intrinsic merits of the motion to set aside the judgments. As we have already stated, at the commencement of the trial in the lower court,

counsel for the defendant stipulated with the prosecuting attorney that the cases would be submitted to the court on the other evidence introduced at the trials against the other codefendants. In the presence of the defendant, who raised no objection, counsel for the accused, therefore, waived defendant's right to be confronted with and cross-examine the witnesses against him, and waived his right to introduce evidence. As we held in *People* v. *Vargas, ante,* p. 134, said waiver was valid. The *Vargas* case dealt with a misdemeanor while the case at bar involves felonies. Notwithstanding this, the same reasons which apply to misdemeanor cases to determine the validity of the waiver of the right of confrontation with the witnesses for the prosecution, made by the counsel for the defendant, apply to felonies. In both cases cross-examination of the adverse witnesses is the essential purpose of the confrontation with those witnesses and in both cases counsel may waive the right to cross-examine. We must add that in the case at bar defendant was present when the stipulation was made and he raised no objection. His presence or his passive demeanor in failing to protest against the stipulation constitutes a reality which we can not overlook. In *Jiménez* v. *Warden, ante,* p. 240, we held that a plea of guilty should be made orally by defendant himself, pursuant to § 164 of the Code of Criminal Procedure, which so provides in a specific and categoric manner. But we also cited cases to the effect that, in the absence of an express statutory provision, the essential presence of defendant at the time of the plea is sufficient, where defendant is represented by counsel, as said principle is relevant nowadays when cases are decided on grounds of substantial justice and realities.

■ In the case herein, we do not have before us the transcript of the evidence introduced in the other cases against other codefendants, by virtue of which the case at bar was submitted for the decision of the trial court. There-

fore, we are not in a position to determine whether the elements of a fair and impartial trial were observed in the other cases or whether in stipulating on the basis of the evidence introduced in those other cases defendant was deprived of a fair and impartial trial. *Cf. Wilson* v. *State,* 51 N. E. 2d 849, 855; *People* v. *Nowak,* 24 N. E. 2d 50, 51.

One of the purposes of the right of confrontation consists in avoiding the secret and inquisitorial methods of trial. *People* v. *Vargas, supra.* We have not been shown that said purpose has been infringed in the case at bar. Counsel for the defendant possibly formulated the stipulation involved herein, in part, as a question of tactics, considering especially that some of the codefendants had been acquitted on that same evidence. The defendant did not complain of said tactics, and he must suffer the consequence of his counsel's action. *Cf. Díaz* v. *U. S.,* 223 U. S. 442, 451, 452.

Appellant contends that the stipulation which he now challenges implies a violation of § 179 of the Code of Criminal Procedure, which provides that in a prosecution for a felony the defendant must be personally present at the trial, and of paragraph 3, § 2 of the former Organic Act which provides that no person shall be held to answer for a criminal offense without due process of law. It implies an allegation to the effect that he was deprived of his right to be confronted with the witnesses against him in view of the fact that he was not present at the former trial. We have already seen that he validly waived his right of confrontation. Furthermore, as a matter of fact, defendant was present at every stage of the proceeding in his own case, that is, in the case at bar, including the instance when, by stipulation, the record of the prosecution against the other codefendants was admitted in evidence and including the moment when judgment was rendered against defendant.

Since no error was committed herein, the decision appealed from will be affirmed.