Filed 5/11/22  P. v. Montecastro CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E076584 |
| v. | (Super.Ct.No. RIF153306) |
| HENDRIX MORENO MONTECASTRO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Steven G. Counelis, Judge.  Dismissed.

Hendrix M. Montecastro in pro. per.; Dawn S. Mortazavi, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Hendrix Moreno Montecastro appeals the Riverside County Superior Court's denial of his motion to correct errors in his sentence.  We dismiss.

1

**BACKGROUND**

*1. The circumstances leading to defendant's conviction*

For two years, defendant and his partner ran a Ponzi scheme that stole approximately $30 million from would-be investors.

A jury convicted defendant of 304 counts involving 27 victims. The counts covered a wide range of violations such as grant theft by false pretenses, securities fraud, acting as a broker-dealer, as well as 93 enhancements relating to the taking of property. In January 2014, the court sentenced him to a total of 81 years and 8 months in prison. Defendant was also required to pay restitution in the amount of $6,041,800.18 as well as court operations and facilities assessment fees. Defendant appealed.

On appeal, we agreed with defendant's claim of insufficient evidence of the sale or offer to sell a commodity to support seven counts of commodity fraud and reversed the convictions on those counts. (*People v. Montecastro* (Oct 7, 2015, E060533) [nonpub. opn.] pp. 2, 39 (*"Montecastro I*.").) Those reversals did not affect defendant's aggregate sentence but did entitle him to reduction in the court assessments fees, which are calculated on a per-count basis. (*Id.,* at p. 28.) We also agreed some errors were made in calculating direct victim restitution, and corrected them to reflect the amount owed as $5,905,539.11. (*Id.,* at pp. 32-36.) The judgment as modified was affirmed and the clerk of the superior court was directed to amend the sentencing minute order and abstract of judgment, and to furnish the Department of Corrections and Rehabilitation with a certified copy of the amended abstract. (*Id.,* at p. 39.)

On remand, the trial court dismissed the reversed counts and, in March 2016, resentenced appellant without changing his term imprisonment.

### 2. *Defendant's motion to correct his sentence*

In December 2020, defendant filed a motion in the trial court seeking correction of his sentence. The trial court summarily denied the motion. Defendant appealed.

## DISCUSSION

Defendant's counsel has filed a "no-issues" brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S 738 setting forth statements of the case and facts. Counsel suggests one potentially arguable issue: whether the trial court erred when it sentenced defendant to consecutive terms of one year for commodities fraud in violation of Corporations Code section 29536 as to victim Christopher Breen (count 33), and eight months for identity theft in violation of Penal Code section 530.5 as to victim Pacific Wealth Management, LLC (count 210), although the court stayed the sentences pursuant to section 654 for those offenses as to defendant's other victims.[1]

We offered defendant an opportunity to file a personal supplemental brief, which he has done. In addition to the potentially arguable issue raised by his counsel, defendant claims his sentence is illegal in each of the following respects:

---

[1] All statutory references are to the Penal Code unless otherwise specified.

3

(i)  The court was required to establish an aggregate loss amount to impose the section 186.11 aggravated white collar crime enhancement, and it necessarily could not have complied with that directive because all the grand theft counts were stayed and the court could not properly use his violations of Corporations Code section 25401 to establish the amount;

(ii)  The court violated *Apprendi* v. *New Jersey* (2000) 530 U.S. 466, *Cunningham v. California* (2007) 549 U.S. 270, and related cases when it imposed the upper terms for Corporations Code section 25401securities fraud (count 5) and the section 186.11 aggravated white collar crime enhancement to the violation of Corporations Code section 29536 (count 317) without a jury's finding beyond a reasonable doubt of a factual basis for the increased penalties;

(iii)  It was error for the court to impose the sentencing triad set forth in Corporations Code section 25540 for defendant's violation of section 25401 of that code because the sentencing statute was not alleged in the charging document and because the court should have employed the sentencing scheme set forth in section 1170, which would have been required to be submitted to the jury and found beyond a reasonable doubt, and which defendant posits would have resulted in a prison term of 48 instead of 75 years;

(iv)  Defendant's sentence is cruel and unusual punishment because it is disproportional to sentences imposed for more serious crimes;

4

(v)  The court doubled the restitution fine under section 186.11, which is disproportional and, therefore, constitutes cruel and unusual punishment.

We do not consider issues raised in an appeal from the trial court's denial of a post-judgment motion unless the defendant's substantial rights have been affected by the denial of the motion.  (§ 1237, subd. (b).)  It is well-settled that a defendant's substantial rights are not affected by the denial if the issues raised could have been presented in a timely appeal from the judgment.  (*People v. Smith* (1933) 218 Cal. 484, 487 [a defendant's substantial rights do not encompass justiciable questions which have been raised in a prior appeal]; *People v. Howerton* (1953) 40 Cal.2d 217, 220 [substantial rights of a defendant do not include matter which could have been reviewed on timely appeal from the judgment].)

Here, defendant's challenges to his sentence could have been raised in his appeal from the judgment.  (*Montecastro I.*, *supra*.)  Accordingly, we will not address the merits of his claims of error.

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>RAMIREZ</u>
P. J.

We concur:

<u>CODRINGTON</u>
J.

<u>SLOUGH</u>
J.

5