[S. F. No. 10597. In Bank.—March 16, 1923.]

THE PEOPLE, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

[1] EQUITY — JURISDICTION — CRIMINAL CASE — STAY OF JUDGMENT — REMEDIES.—It is not within the power of a court of equity, nor of a judge of the superior court, upon an *ex parte* affidavit, to stay or set aside the execution of a judgment of conviction of murder, upon which a sentence of death has been pronounced, after a trial before a jury. The only remedy is an application to the Governor for proper relief.

APPLICATION for a Writ of Prohibition to restrain the Superior Court from proceeding with a certain suit. Writ granted.

The suit sought to be restrained in this proceeding was one in the superior court for an injunction to stay execution of a sentence of death and for the vacation of the judgment of conviction of murder of the first degree, upon the ground that the judgment was obtained by extrinsic fraud.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Petitioners.

Humphrey, Grant, Zimdars & Warren for Respondents.

THE COURT.—The writ of prohibition will be granted, including an order vacating the restraining order and the

temporary injunction heretofore issued. It is very clear to the court there is no law sustaining this application for an injunction, and that there is no relief other than an application to the Governor for a pardon. The constitutional grant to the Governor of the right to pardon is to enable the state to do justice in those cases where the ordinary procedure results in injustice in individual cases by reason of extrinsic fraud or for any other reason. There is thus a procedure established for the purpose of doing justice in this type of cases, and we must assume that if, as claimed here, Ullah Mohammed did not have a fair trial, and for the reasons he alleges in his complaint has not been able to present his defense, that an application to the Governor for pardon will be given due consideration, and if the representations are there made on his behalf that have been made here, and are established to the satisfaction of the Governor, that he will extend to him such a degree of leniency as is proper under the circumstances.

Application was made to the respondent court to set aside the judgment of conviction and stay the execution thereof after an appeal, and after the affirmance of the judgment by this court. [1] It is not within the power of a court of equity, nor of a judge of the superior court, upon an *ex parte* affidavit to stay or set aside the execution of the judgment entered by the trial court for the punishment of the crime of which he was found guilty after a trial before a jury, for the verified complaint filed before the respondent amounts to no more than an affidavit of the convicted man or of someone on his behalf. The fundamental reasons for this, as suggested by Mr. Justice Lennon and by myself, during the oral argument, are these: That there is no authority, as far as the defendant is concerned, to sue the state of California for a vacation of the judgment, and that the remedy provided by law is by an application for a pardon.

This opinion was delivered orally from the bench by the Chief Justice and is transcribed and filed as the written opinion of the court as ordered.

Writ granted as prayed for.

Wilbur, C. J., Lawlor, J., Lennon, J., Waste, J., Seawell, J., Kerrigan, J., and Myers, J., concurred.