[Crim. No. 2527. First Dist., Div. Two. Sept. 1, 1948.]

THE PEOPLE, Respondent, v. STANLEY PRYOR, Appellant.

Stanley Pryor, in pro. per., for Appellant.

Fred N. Howser, Attorney General, and Clarence A. Linn, Deputy Attorney General, for Respondent.

GOODELL, J.—Appellant was accused by an information of the crime of arson, defined by section 447a of the Penal Code, to which he pleaded not guilty. At the first trial the jury disagreed. An amended information was filed alleging that he had been convicted of a felony in the State of New York in 1926, and of another felony in 1931 and another in 1939 in Michigan, all three of which he admitted. On the second trial he was found guilty. A motion for new trial was denied. *No appeal was taken from the judgment of conviction.* Appellant was represented by the public defender.

About a year later he filed in the superior court a petition for a writ of error *coram nobis* and motion to annul, vacate and set aside the judgment, all of which were denied. This appeal was then taken.

In the superior court no evidence was presented. The matter was disposed of on the petition alone. The petition, the minute order denying it, and the notice of appeal, certified by the clerk, constitute the record before us.

The petition alleges that the judgment is void on its face and that appellant's imprisonment is in violation of several articles of the federal Constitution. It sets forth what is called a "True statement of facts" containing some of the circumstances surrounding his arrest and what followed thereon, including the actions of the police officers assigned to the case, over a period of four or five days in August, 1946. In this narration there are included what seem to be excerpts from testimony—whether given at the first trial or the second does not appear. Included, also, are copies of letters from three corporations indicating that appellant was employed by them in the East at periods when some witness testified he was in California. This is not to prove an alibi (for the letters are not directed to the time of the offense) but apparently to contradict the witness as to appellant's whereabouts before the time of the offense. The petition also contains a statement of points and authorities. The excerpts of testimony are not legally authenticated; they merely purport to be quotations from testimony given at one time or another.

■ The scope of the writ of error *coram nobis* is very restricted in this state. Certain leading cases discuss its limited office and functions. *People* v. *Mooney,* 178 Cal. 525, 529 [174 P. 325] and *People* v. *Reid,* 195 Cal. 249 [232 P. 457, 36 A.L.R. 1435] (with the first of which appellent is familiar, for he cites it) set forth at considerable length the rules on the subject. A reading of those cases will show that appellant's case on the present record is not within the scope of the writ. For one thing, the writ cannot be used to serve the purpose of an appeal. In the Reid case the court says (195 Cal. 260) : "The maxim, 'for every wrong there is a remedy' (Civ. Code, sec. 3523) is not to be regarded as affording a second remedy to a party who has lost the remedy provided by law through failing to invoke it in time—even through such failure accrued without fault or negligence on his part. This is made clear by the cases of *People* v. *Mooney, supra,* and *People* v. *Superior Court,* 190 Cal. 624 [213 P. 945]."

In *People* v. *Moore,* 9 Cal.App.2d 251, 253 [49 P.2d 615], it is said: "The frequent resort to a petition for this writ in recent years persuades one that those, who have been convicted of crime, have come to look upon it as a remedy which can work magic merely by reason of its invocation. There is, however, no shibboleth in a petition for a writ of error, *coram nobis,* even though the Latin name has survived to the present

time.'' In *People* v. *Gilbert,* 25 Cal.2d 422, 442 [154 P.2d 657], the following is found: '' 'The writ of error *coram nobis* is not intended to authorize any court to revise and review its opinions; but only to enable it to recall some adjudication made while some fact existed which, if before the court, would have prevented the rendition of the judgment, and which, without any fault or negligence of the party, was not presented to the court. 1 Freeman on Judgments, Sec. 94; 23 Cyc. 884.' (*Nickels* v. *Florida,* 86 Fla. 208, 228 [98 So. 497, 502, 99 So. 121].)''

In the Gilbert case at page 444 there are cited a large number of California cases touching the subject.

The appellant has not shown any ground on which the action of the trial court in denying his petition should be disturbed.

The order appealed from is affirmed.

Nourse, P. J., and Griffin, J., concurred.