[Crim. No. 5319.   Second Dist., Div. Three.   Sept. 19, 1955.]

THE PEOPLE, Respondent, v. CECIL FREDERICK REEVES, Appellant.

*Assigned by Chairman of Judicial Council.

450

Cecil Frederick Reeves, in pro. per., and Caryl Warner and Arthur Meifert, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

WOOD (Parker), Acting P. J.—On October 19, 1950, in a trial by jury, defendant was found guilty of felonies as alleged in seven counts of an indictment. The alleged felonies

were: kidnaping (Counts I and VIII); rape (Count II); robbery (Count III); kidnaping for the purpose of robbery (Count IV); violation of section 503 of the Vehicle Code (unlawful taking of vehicle, Count VI); and violation of 288a of the Penal Code (Count VII). As to Count IV the jury also found that bodily injury had been inflicted upon the victim and recommended punishment by imprisonment for life without parole. It also found, as charged in the indictment, that defendant was armed at the times he committed the offenses charged in Counts I, II, III and IV. Defendant admitted allegations of the indictment that he had been convicted previously of two felonies (robbery). He was sentenced to the state prison for the term prescribed by law as to each count except Count IV. As to Count IV he was sentenced to the state prison for life without possibility of parole. There was no motion for a new trial and no appeal from the judgments. About four years later, in August, 1954, defendant, in propria persona, filed with the clerk of the superior court a document in which he stated that he "now moves this Court" to annul the "Illegal Portion of the Judgment, and objects to the Court imposing sentence" under said counts except Count VI. It will be assumed that defendant, in using the words "the Judgment," intended to refer to all the judgments, except the judgment on Count VI. On August 23, 1954, the motion was denied. Defendant appeals from the order denying the motion.

Appellant's motion to vacate the judgment was made upon the following grounds: (1) the robbery alleged in Count III and the kidnaping for the purpose of robbery alleged in Count IV constitute a single offense. (2) Section 209 of the Penal Code (prescribing punishment for kidnaping) is unconstitutional in that: it contains "subjects which are not expressed in its title"; it is not capable of being understood by an ordinary person; it has been "given" an absurd interpretation; it deprives defendant of his liberty without due process of law, and it permits the district attorney to charge two offenses "for" the same offense; it violates the provisions of the state Constitution that no class of citizens shall be granted privileges or immunities which are not granted to all citizens; and it places a discretionary power in the district attorney. (3) Since it was not alleged in the indictment that the victim suffered bodily harm, the finding of the jury that he suffered bodily harm rendered the verdict illegal. (4) Statements of the district attorney, during the trial and in

his closing argument, constituted misconduct and deprived defendant of a fair trial as to Counts I, II, III and IV in violation of his constitutional rights. (5) It was impossible to have committed the act charged in Count VIII in the way testified to by the prosecutrix.

In denying the motion to vacate the judgment, the trial judge stated that the points raised by appellant were matters which could have been raised on appeal. ■ If appellant, on an appeal from the judgment, could have presented the questions which he now seeks to present on an appeal from the order denying his motion to vacate the judgment, his contentions on this appeal may not be sustained. (See *People* v. *Flohr*, 30 Cal.App.2d 576, 578 [86 P.2d 862].) In *People* v. *Adamson*, 34 Cal.2d 320 [210 P.2d 13], the appeal was from a judgment denying appellant's petition for a writ of *coram nobis*. ■ The court therein stated (p. 325) that such a petition is, in legal effect, a motion to vacate a judgment. ■ It stated further therein (pp. 326-327) that: "In this state a motion to vacate a judgment in the nature of a petition for *coram nobis* is a remedy of narrow scope. . . . Its purpose is to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it and which, through no negligence or fault of the defendant, was not then known to the court. . . . ■ The applicant for the writ 'must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ; otherwise he has stated no ground for relief.' "

■ As to the first ground stated in appellant's motion, that the robbery alleged in Count III and the kidnaping for the purpose of robbery alleged in Count IV constituted a single offense, appellant argues on appeal in substance that the basis for both counts was the robbery of Robert Mueller and that appellant was placed in double jeopardy. This is a question which could have been raised on appeal from the judgment, and therefore such alleged ground did not constitute a basis for setting aside the judgment or judgments.

■ As above indicated, six of the grounds stated in appellant's motion relate to the constitutionality of section 209 of the Penal Code. Section 209 provided, at the time of the commission of the crimes alleged herein, that: "Every

person who seizes, confines, . . . abducts, conceals, kidnaps or carries away any individual by any means whatsoever with intent to hold or detain, or who holds or detains, such individual *for ransom, reward or to commit extortion or robbery* or to exact from relatives . . . any money . . . is guilty of a felony and upon conviction thereof shall suffer death or shall be punished by imprisonment in the State prison for life without possibility of parole, at the discretion of the jury . . . , in cases in which the person . . . subjected to such kidnaping suffers . . . bodily harm. . . ." (Italics added.) Appellant argues in effect that the kidnaping referred to in said section 209 contemplates a detention, confinement or carrying away; that said section was not intended to apply to the mere seizure of a victim while a robbery was being perpetrated; that it denies equal protection of the law to the person who is found guilty of robbery and also convicted under section 209, in that, another person who is guilty of robbery might not be charged with the additional offense of kidnaping under section 209; that it places a discretion in the district attorney, and it permits a defendant to be charged twice for the same crime. Such arguments relate to questions of law which could have been presented on an appeal from the judgment, and therefore such alleged grounds did not constitute a basis for setting aside any of the judgments. It is to be noted, however, with respect to parole, that said section 209 was amended in 1951 and as amended it provides, in part, that: "Any person serving a sentence of imprisonment for life without possibility of parole following a conviction under this section as it read prior to the effective date of this act shall be eligible for a release on parole as if he had been sentenced to imprisonment for life with possibility of parole."

As above shown, another alleged ground stated in the motion was that since it was not alleged in the indictment that the victim suffered bodily harm, the finding of the jury that he suffered bodily harm rendered the verdict illegal. A similar question was determined in *People* v. *Britton*, 6 Cal. 2d 1 [56 P.2d 494]. Appellant therein contended that the trial court was without authority to sentence him without possibility of parole, because the indictment did not contain an allegation that in the course of the kidnaping for the purpose of robbery the victim suffered "bodily harm." It was stated therein at page 5: "It is well settled in this state that an indictment or information need not allege the particu-

lar mode or means employed in the commission of an offense, except when of the essence thereof. . . . In other words, particulars as to manner, means, place or circumstances need not in general be added to the statutory definition. . . . The indictment or information need only charge the essential elements of the statutory offense. It then fairly apprises the defendant of what he is to meet at the trial. . . . If upon the trial of such offense, or upon plea of guilty, it develops that the victim suffered bodily harm, the jury or the court, as the case may be, may in its discretion fix the punishment at death or life imprisonment without possibility of parole. . . . '' In the present case, the contention of appellant regarding ''illegal verdict'' is not sustainable.

█ The other grounds stated in the motion were to the effect that statements of the district attorney constituted misconduct, and that the testimony of the prosecutrix relating to Count VIII was inherently improbable. Those were matters which could have been presented on an appeal from the judgment, and therefore they did not constitute a basis for setting aside any of the judgments.

The order is affirmed.

Vallée, J., and Ashburn, J. pro tem.,* concurred.

A petition for a rehearing was denied September 30, 1955, and appellant's petition for a hearing by the Supreme Court was denied October 19, 1955.

---

*Assigned by Chairman of Judicial Council.