[Crim. No. 5500. Second Dist., Div. One. Mar. 12, 1956.]

THE PEOPLE, Respondent, v. LUIS OLGIN, Appellant.

Luis Olgin, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

DORAN, Acting P. J.—This is an appeal by defendant from an order denying a petition for a writ of error *coram nobis.*

Defendant was charged with the violation of section 11500 of the Health and Safety Code. It was alleged that defendant "did wilfully, unlawfully and feloniously have in his possession a preparation of heroin." It was also alleged that defendant had been convicted of five felonies, "grand larceny, in the State of Colorado; burglary, in the State of Nevada; and possession of narcotics, petty theft with a prior conviction of a felony, and receiving stolen property; the latter three felonies having been committed in the State of California. It was likewise alleged that the defendant had served terms of imprisonment for the five above-named felonies." A trial by jury was waived. Defendant admitted the five felony convictions. "The matter was presented on behalf of the People by the reading of the testimony of the preliminary examination. Defendant was sworn, as was one additional witness, and the matter was submitted to the trial judge who found defendant guilty as charged in the information."

Thereafter, "defendant's motion to strike the prior convictions was denied." An application for probation also was denied and judgment was pronounced. No appeal was taken from the judgment.

"Subsequently, and on May 17, 1955, defendant filed in the superior court, a document denominated 'PETITION FOR A WRIT OF ERROR CORAM NOBIS AND FOR THE ORDER TO SHOW CAUSE WHY THE WRIT SHOULD NOT BE GRANTED:'

"The matter came on for hearing on May 18, 1955, and on that date the court denied the petition and the order to show cause and directed that the purported notice of appeal attached to the petition was not to be filed or considered as a notice of appeal because it was premature.

"Thereafter, and on June 14, 1955, a 'NOTICE OF APPEAL FROM THE WHOLE THEREOF' was filed with the clerk."

"In the petition filed in the superior court Olgin stated that when he was sentenced and committed to Chino he instructed his attorney to appeal and to put his transcript in his personal property for the purpose of protecting his appeal; that there-

after he had no means of knowing whether his appeal had been perfected and that the statutory period for filing the written notice of appeal elapsed on his arrival at San Quentin.

"He alleged that a constructive filing of the written notice of appeal was accomplished by the instruction to his attorney to place his transcript in his property; that since his attorney refused to protect his rights he had no other remedy to review the judgment, except by writ of error coram nobis.

"He then alleged that he had no knowledge that the narcotics alleged in the charge as to him were that of 'co-defendant' Edward Baker and that 'mere discussion of Narcotics pricing' did not constitute incrimination on the part of the petitioner.

"He stated that the scope of the petition was to 'correct many serious errors of law and facts' and he sought to have the court below declare the judgment as being void in excess of the court's jurisdiction and he requested an order to produce him in court to show cause if he had any grounds why he should not be discharged from custody.

"He likewise stated (without being specific or supporting the charges with proof) that 'the very facts, evidence, and witnesses which should have been produced in open Court trial was concealed, suppressed, and denied by extrinsic fraud unknown to petitioner, and the Courts at the time of trials, whereas, if these laws and facts had been produced in an open Court trial, petitioner would have been completely extricated from the entire false imprisonment.' He thereupon requested that he be discharged from custody and that the writ be granted forthwith.''

No affidavits were filed in support of defendant's contentions. The petition set forth no facts but was, in effect, a series of conclusions and an argument. Appellant's contention that a fair trial and a complete hearing in the superior court were denied, lacks support in the record.

The writ of error *coram nobis* is a limited writ, available only where no other remedy exists, aimed at reaching errors of fact extrinsic to the record. It cannot be used to review errors of fact or of law that can be reviewed on appeal. (See 12 Cal.Jur.2d 551 et seq.) (*People* v. *Devora,* 105 Cal. App.2d 457 [233 P.2d 653]; *People* v. *Lewis,* 64 Cal.App.2d 564 [149 P.2d 27].)

Appellant urged in the trial court that the attorney failed to file a notice of appeal. This point is not included in the brief on appeal. However, the contention lacks support in the

record and the law. (*People* v. *Bible,* 135 Cal.App.2d 65 [286 P.2d 524].)

It is definitely established as a matter of law in a long line of decisions that the writ of coram nobis is narrow in scope and only available in certain cases. Arguments that evidence was illegally obtained or that the evidence is insufficient to support the charge are not included.

In the light of the record appellant's contentions cannot be upheld. The order is affirmed.

Fourt, J., concurred.