[Crim. No. 5491.   Second Dist., Div. One.   Apr. 9, 1956.]

THE PEOPLE, Respondent, v. WILLIAM C. PAYNE, Appellant.

William C. Payne, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

FOURT, J.—This is an appeal by the defendant from an order of the superior court, denying his petition for writ of error *coram nobis.*

Defendant was charged in an information with nine counts of robbery and attempted robbery. The public defender was appointed to represent defendant; later, however, the defendant stated that he preferred to represent himself and counsel

was dismissed. After a trial by jury, defendant was found guilty of eight counts of robbery and one count of attempted robbery, the jury disagreeing on one count of robbery which said count was later dismissed. The jury found that in each instance it was robbery in the first degree and that the defendant was armed at the time of the commission of the robberies.

A motion for a new trial was made and denied. Defendant was sentenced to the state prison. Judgment was entered July 6, 1954. A purported appeal was taken from the judgment which appeal was subsequently dismissed for good cause on December 15, 1954. Remittitur issued and was filed in the superior court on January 18, 1955.

On June 6, 1955, defendant filed what is denominated "Petition for a writ of error *coram nobis*: and the order to show cause why the writ should not be granted immediately." The petition came on for hearing on June 8, 1955, and on that date was denied. On July 6, 1955, there was filed a notice of appeal which was dated June 30, 1955. It is at once apparent that the appeal is subject to dismissal on the ground that there was no compliance with the requirements of rule 31 of the Rules on Appeal.

However, we have seen fit to dispose of the matter on its merits, rather than on the ground of failure to comply with the Rules on Appeal.

Petitioner contends that the judgment is barred by "intellectual honesty," that it is repugnant to the federal and state Constitutions. Further, "that he was entrapped by trickery, search and seizures contrary to the Fourth Amendment of the United States Constitution"; that "he was convicted on false hearsay testimony coerced and conspired against him"; that there was an unlawful breaking into his home and that an attempt was made to force a confession out of him; that the prosecuting attorney made prejudicial remarks to the jury; that his attorney was incompetent and should have presented certain facts in open court; that the trial was dominated by passion and prejudice in an "atmosphere of hysteria" and that he was denied the right to appeal.

We have carefully gone over the record in this matter and find that the charges and contentions as made by the appellant are completely unsupported.

As was stated in *People* v. *Stapleton,* 139 Cal.App.2d 512, 513-514 [293 P.2d 793]:

"A petition for writ of error *coram nobis* places the burden

of proof to overcome the strong presumption in favor of the validity of the judgment on the petitioner. This burden requires the production of strong and convincing evidence. A mere naked allegation that a constitutional right has been invaded will not suffice. ■ The application should make a full disclosure of the specific facts relied upon and not merely state conclusions as to the nature and effect of such facts. (*People* v. *Shorts,* 32 Cal.2d 502, 508 [197 P.2d 330].)

"In *People* v. *Martinelli,* 118 Cal.App.2d 94 [257 P.2d 37], it was held that the trial court, in such a proceeding, is not required to accept the face value of the allegations of the petition, unsupported by affidavits or other evidence, even though the petition is verified and uncontradicted.

■ "The office of the writ is to bring to the attention of the trial court errors of fact which, without negligence on the part of the defendant, were not presented to the court at the time of the trial. (*People* v. *Tuthill,* 32 Cal.2d 819, 821 [198 P.2d 505].)

■ "It is well established that relief in the nature of a petition for writ of error *coram nobis* does not lie for errors which could be advanced on motions for new trial or on appeal. (*People* v. *Adamson,* 34 Cal.2d 320 [210 P.2d 13].) There is no showing of lack of effective aid of counsel. (*People* v. *James,* 99 Cal.App.2d 476, 479 [222 P.2d 117].)

"As to the remaining 'grounds' claimed, *People* v. *Bible,* 135 Cal.App.2d 65 [286 P.2d 524], sufficiently disposes of them."

■ It has been repeatedly said that the writ of error *coram nobis* is a limited writ aimed at reaching errors of fact outside of the record and available only where no other remedies exist. ■ The office of the writ is to bring to the attention of the trial court errors of fact, which, without negligence on the part of the defendant, were not presented to the court at the time of the trial. (*People* v. *Tuthill,* 32 Cal.2d 819, 821 [198 P.2d 505] ; *People* v. *Reid,* 195 Cal. 249, 255 [232 P. 457, 36 A.L.R. 1435] ; *People* v. *Gennaitte,* 127 Cal.App.2d 544, 548 [274 P.2d 169].)

■ The writ of error *coram nobis* never issues to correct an error of law or to redress an irregularity occurring at the trial which could be corrected on motion for a new trial or by an appeal. (*People* v. *Martinez,* 88 Cal.App.2d 767, 771 [199 P.2d 375].)

■ It is well settled that where the remedy of the motion for a new trial or appeal exists the writ is not available. And the writ cannot be used to serve the purpose of an appeal

when this remedy was lost through failure to invoke it in time even though such failure occurred without fault or neglect on the part of the one seeking the remedy. (*People* v. *Mooney,* 178 Cal. 525, 529 [174 P. 325] ; *People* v. *Pryor,* 87 Cal.App.2d 352, 353 [196 P.2d 948].)

Where there are grounds for sustaining the trial court on the ruling on the petition, its decision will not be reversed on appeal except where there is evidenced an abuse of discretion. (*People* v. *Stuhlmiller,* 37 Cal.App.2d 603, 604, 605 [99 P.2d 1072].)

In the instant case the defendant presented nothing to sustain a court in ordering the issuance of a writ of error *coram nobis.* The alleged "grounds" were not within the limited scope of the writ. Further, no affidavits or other evidence were offered in support of the application. The only alternative the court below had was to deny the petition.

Order affirmed.

White, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 9, 1956.