[Crim. No. 5684.   Second Dist., Div. Two.   Nov. 2, 1956.]

THE  PEOPLE, Respondent, v. HERMAN  ROBERT
HAYMAN, Appellant.

Herman Robert Hayman, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

MOORE, P. J.—December 23, 1943, Hayman was accused by information (1) of having defrauded Eugene Williams and others October 22, 1943, by forging the name of J. R. Love on the back of a check drawn on the Union Bank and Trust Company in the amount of $49; (2) of having forged the name of Elmo Griffin on the back of a check on the Union Bank and Trust Company in the sum of $13.22; (3) of having forged the name of George Jones on the back of a check October 22, 1943, drawn on the Union Bank and Trust Company in the sum of $68.31. On December 27, 1943, he regularly entered his plea of not guilty as charged in all counts of the information. On February 1, 1944, he withdrew his plea of not guilty and regularly entered his plea of guilty as charged in Count I and filed an application for probation. On February 24 the other counts of the information were dismissed and the court granted him probation for a period of five years on condition that he serve the first six months of his probationary period in the county jail, make reimbursement for all checks he had forged, have no checks or checking account, report regularly to the Probation Department and obey all laws.

On March 11, 1948, the same court entered the following judgment: "Whereas the said defendant, having duly pleaded guilty in this Court of the crime of FORGERY OF ENDORSEMENT, a felony, as charged in Count 1 of the information, other counts having been dismissed, and having been granted probation, and said defendant having violated the terms of his probation, probation heretofore granted is revoked and

"It is Therefore Ordered, Adjudged and Decreed that the said defendant be punished by imprisonment in the State Prison for the term prescribed by law which sentence is ordered to run consecutively with sentence imposed by the United States Court

"It is further Ordered that the defendant be remanded to the custody of the Sheriff of the County of Los Angeles, to

be by him delivered into the custody of the Director of Corrections at the California State Prison at San Quentin when released by the United States Authorities.

"Done in open Court this 11th day of March, 1948."

At the time of sentence the court remarked: "In this case the defendant was charged with a number of forgeries, pleaded guilty to one count and was placed on probation.

"It now appears that this same defendant appeared before the United States District Court for the Southern District of California, in January of this year, and for the offense of impersonation of the holder of Government obligations, forging a number of Government checks and conspiracy, was given a number of sentences to the Federal penitentiary. Violation is so perfectly obvious there isn't any doubt about the situation at all.

"It appears that this defendant is not within the jurisdiction and is not available for sentence at this time.

"There being no legal cause why sentence should not now be pronounced, it is therefore the order of this court that probation heretofore granted be vacated and set aside, and it is the sentence of this court the defendant be imprisoned in the State Prison of the State of California for the term prescribed by law.

"The Sheriff is directed to carry this sentence into execution by transferring the defendant to the State Prison at San Quentin and turning him over to the custody of the Director of Corrections of that Institution, upon release of the defendant from the Federal Penitentiary. This sentence to run consecutively with the sentence imposed by the United States Government, of course."

April 11, 1956, appellant filed in the superior court his "Petition for Writ of Error Coram Nobis" whereby he contended (1) that the superior court knew where he could be located and could by reasonable diligence have cited him to appear at the time of passing sentence; (2) that it was prejudicial error for the court to impose a secret sentence after the prisoner was out of the jurisdiction (Pen. Code, § 1193); (3) that petitioner had a right to be present at the imposition of his sentence; (4) that the Probation Department declined to cite petitioner for violating his probation; (5) that petitioner has been in continuous confinement since 1946 and will be eligible for release in 1960.

From the order denying the petition, petitioner has appealed.

There is no legal basis for the petition for a writ of error *coram nobis*. ██ The office of that writ is to bring the attention of the court to such facts as existed at the time of the trial that would have constituted a valid defense, but which, without negligence on the part of the defendant, were not presented, either through duress, fraud or excusable mistake and which, not appearing on the face of the record, would have effected an acquittal of the petitioner or, at least, have caused a more favorable judgment to be entered against him. (*People* v. *Tuthill*, 32 Cal.2d 819, 821 [198 P.2d 505]; *People* v. *Reid*, 195 Cal. 249, 255 [232 P. 457, 36 A.L.R. 1435].)

██ It is not a writ whereby convicts may attack or relitigate just any judgment on a criminal charge merely because the unfortunate person may become displeased with his confinement or with any other result of the judgment under attack. (*People* v. *Martinez*, 88 Cal.App.2d 767, 771 [199 P.2d 375].)

██ It is not properly used to correct errors of law or to redress irregularities at the trial that could have been corrected on motion for new trial or by appeal. (*People* v. *Martinez, supra.*) On the contrary, it is a process whose scope is extremely narrow and must be confined to an inquiry into those facts which might have been properly defensive matter at the trial but for the interposition of some agency other than the negligence of the petitioner. (*People* v. *Darcy*, 79 Cal.App.2d 683, 693 [180 P.2d 752].)

██ Neither may the writ of error *coram nobis* be used for the purposes of appeal because that remedy was lost through failure to invoke it in time without fault on the part of the petitioner. (*People* v. *Mooney*, 178 Cal. 525, 529 [174 P. 325]; *People* v. *Pryor*, 87 Cal.App.2d 352, 353 [196 P.2d 948].) ██ There is nothing in the petition that should have required the trial court to reassert jurisdiction of the action with a view to inquiring whether judgment should be vacated. It states no facts upon which petitioner relies which he did not know at the time he pleaded guilty or which he could not by the exercise of reasonable diligence have discovered long prior to his application for the writ. (*People* v. *Adamson*, 34 Cal.2d 320, 326 [210 P.2d 13].) Neither does the petition declare probative facts as the basis of his claim nor the time and occasion when or how they were discovered, whereby the court might have determined whether he proceeded with due diligence. His only attempt to meet that requirement was by alleging that he was not notified of his sentence to San Quentin ''until long after the time within

which to appeal had expired.'' His long delay was deadly poison to any probative facts that might otherwise have been grounds for the writ.

Denial of petition affirmed.

Fox, J., and Ashburn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 30, 1956.