[Crim. No. 1356.   Fourth Dist.   Sept. 18, 1958.]

THE PEOPLE, Respondent, v. GEORGE WELCOME
MASON, Appellant.

Edmund Herman, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

MUSSELL, J.—On December 18, 1951, appellant entered a plea of guilty in the Municipal Court in San Diego to the crime of issuing a check without sufficient funds in violation of Penal Code, section 476a. The matter was certified to the superior court (Case No. 169855) and appellant was granted probation. Subsequently, this order was vacated and on March 31, 1952, it was ordered that appellant be sentenced to the state's prison for the term prescribed by law, the sentence to run concurrently with relation to the sentence imposed by the said superior court on the same date in action Number 171444.

In San Diego Superior Court Number 171444 appellant was also charged with the crime of issuing a check without sufficient funds, a felony, in violation of section 476a of the Penal Code and on March 6, 1952, he entered a plea of guilty in the municipal court to said crime. This matter was also certified to the superior court, where, on March 31, 1952, appellant, having admitted a prior conviction as alleged in the amended complaint, was sentenced to the state's prison for the term prescribed by law. It was further ordered that this sentence run concurrently with the sentence imposed in said superior court action Number 169855. No appeal was taken in either of said superior court actions. On January 7, 1958, appellant filed in said actions a "Petition to Modify Judgment" in which he contends that the amendment in 1955 to section 476a of the Penal Code affected his status of imprisonment and rendered the crimes committed by him in 1951 and 1952 mere misdemeanors, since the total of the two checks involved amounted to less than the sum of $50. This petition was denied and this appeal is from the order denying it.

Appellant was not entitled to be sentenced as a first

offender in superior court action Number 171444 because of his previous conviction. (Pen. Code, § 476a, as amended.) Moreover, the amendment to said section has no retroactive application to crimes committed prior thereto and to judgments which have become final. Government Code, section 9608, provides that termination or suspension of any law creating a criminal offense does not constitute a bar to punishment of an act already committed in violation of the law so terminated or suspended unless the intention to bar such punishment is expressly declared by an applicable provision of law. No part of the Penal Code is retroactive unless expressly so declared (Pen. Code, § 3), and there is no such declaration indicated in section 476a of said code, as amended.

In *Sekt* v. *Justice's Court,* 26 Cal.2d 297, 306 [159 P.2d 17, 167 A.L.R. 833], it is said:

"The second well-settled exception is that repeals by implication are not favored, and where a new statute is passed in a field already occupied by an older statute, the new statute will not be held to have repealed by implication the old statute as to crimes already committed at the time the new statute is passed. As to such crimes the offender will be punished under the old law and the new law will be held to be prospective in operation. This exception is based upon the presumed intent of the Legislature. (See many cases collected and commented upon in majority and dissenting opinions in *People* v. *Lowell,* 250 Mich. 349 [230 N.W. 202]— both opinions approving this rule.)"

The trial court herein was without jurisdiction to vacate or modify the sentences imposed since the sentences had been entered in the minutes of the court and appellant had already begun serving them. (*People* v. *Avelino,* 81 Cal.App. 2d 934, 935 [185 P.2d 361].) In *People* v. *McVicker,* 37 Cal.App.2d 470, 473 [99 P.2d 1110], it was held that an attack on a judgment by motion to vacate it is in legal effect a proceeding for a writ of error *coram nobis,* whether it be called by that name or not. Such a writ does not lie to correct error of law and is not intended to authorize any court to review and revise its opinion. (*People* v. *Tuthill,* 32 Cal.2d 819, 822 [198 P.2d 505].) Appellant's contentions herein could have been raised on a timely appeal from the judgment and are not within the scope of a writ of error *coram nobis.* (*People* v. *Cardwell,* 153 Cal.App.2d 377, 379 [314 P.2d 484].) Moreover, appellant's long delay in

filing his petition forecloses him of all right to relief under it. (*People* v. *Krout,* 90 Cal.App.2d 205, 209 [202 P.2d 635].)

The order denying appellant's petition is affirmed.

Griffin, P. J., and Coughlin, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.