[Crim. No. 6900. Second Dist., Div. Three. May 24, 1960.]

THE PEOPLE, Respondent, v. HARRY TUCKER TANNATT et al., Defendants; FRANCIS LEE MORRIS, Appellant.

Frederick E. Chol for Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

FORD, J.—Defendant Francis Lee Morris has appealed from the denial of his application for a writ of error *coram nobis*. The application was denied on June 30, 1959, a number of months after judgment.

The application was made on the grounds set forth in a prior petition for such writ which was filed in the superior court on September 8, 1958, and on the further ground that when that prior application was denied the superior court was without jurisdiction and its ruling was of no effect. The application, the denial of which is the basis of the present appeal, was "based upon this notice, the pleadings, records, and files herein, and the declaration of Frederick E. Chol," a copy of which was attached thereto.

Under the prior petition, the defendant Morris sought to have vacated his plea of guilty to the offense of false imprisonment (Pen. Code, §§ 236, 237) and the judgment of August 18, 1958,[1] entered pursuant thereto. The grounds upon which such relief was sought were in substance as follows: He was induced to enter a plea of guilty to false imprisonment in order that the charge of kidnapping (Pen. Code, § 207) could be dismissed as against all the defendants, "through extrinsic

---

[1]Proceedings were suspended without the imposition of sentence and Morris was placed on probation for a period of three years, one of the conditions thereof being that he spend the first 30 days in the county jail. In this opinion, "judgment" is used as having the meaning set forth in section 1237 of the Penal Code as quoted in footnote 3 to this opinion.

fraud, misrepresentation, coercion and wrongful persuasion practiced upon him in that on or about 1 p. m. on June 23, 1958, he was for the first time asked by the attorneys representing him how he would plead and his attorneys did then make'' certain representations. Such representations were: 1. A ''deal'' had been made with the arresting officers, the district attorney, the judge and the victim, that the ''deal'' was predicated on his entering a plea of guilty to the lesser charge along with the other defendants, and that if he did not do so all defendants would have to stand trial on the kidnapping charge. 2. After this ''deal'' had been consummated, another ''deal'' could in all probability be made to reduce the charge to a misdemeanor. 3. Since he was the ''less culpable'' of the defendants, ''he would most likely get just straight probation.'' 4. If he did not plead guilty to the lesser charge, one of the defendants, Harry Tannatt, who was his employer, ''might try to throw the guilt upon him.'' 5. He was just as guilty of kidapping as the others were even though he was a nonparticipant in the criminal acts charged. 6. He had to make a decision on the plea within the next half hour or so because the district attorney was waiting to find out whether or not all of the defendants would plead guilty to false imprisonment and consummate the ''deal.''

In response to such statements made to him by the attorneys, he, Morris, stated that he desired counsel, other than counsel representing the other defendants, to advise him on the matter but was persuaded by the attorneys not to obtain separate counsel. Morris in good faith relied on such statements and was confused and disturbed mentally thereby so that he was deprived of the exercise of his free will and judgment. He did, at or about 1:30 p. m. on June 23, 1958, ''while under the influence of said statements, without due deliberation, make the decision to plead guilty.'' In addition to the statement of the representations made to him, Morris further stated that, after pleading guilty, he ''learned that such a conflict of interests existed, that there was a very close friendship existing between said attorneys and the other defendants and after learning of said conflict, defendant sought separate counsel to get the plea of guilty withdrawn.'' Both in support of, and in opposition to, the petition, affidavits were filed. In view of the determination reached with respect to this appeal as hereinafter set forth, it is not necessary to state herein the contents of such affidavits, but reference will be made to them hereafter.

It has been noted that in support of the application for a writ of error *coram nobis* which was denied on June 30, 1959, Mr. Chol, the present attorney for the appellant, filed a declaration. Therein he stated in substance as follows: On August 28, 1958, Morris filed a notice of appeal from the judgment of August 18, 1958. On November 18, 1958, Morris filed a second notice of appeal from the judgment of August 18, 1958, and a notice of appeal from the denial by the superior court on November 10, 1958, of his application for a writ of error *coram nobis*. On April 20, 1959, the District Court of Appeal, upon motion of the People, dismissed the appeal taken by Morris on August 28, 1958. On motion of the People, the appellate court also dismissed the appeal based on the notice of appeal of November 18, 1958, the grounds of such action being that that appeal from the judgment was taken too late and that the trial court was without jurisdiction with respect to the application for the writ. On May 20, 1959, Morris sought a writ of error *coram nobis* in the District Court of Appeal, but the court refused to consider the matter on its merits on the ground that the dismissal of the appeals of Morris on motion of the People did not constitute an affirmance of the judgment and, therefore, the District Court of Appeal did not have jurisdiction under section 1265 of the Penal Code, but that such jurisdiction was in the superior court.

To complete the factual picture necessary to a determination of this appeal, one further matter must be noted. On July 14, 1958, an attorney, Abbott C. Bernay, was substituted as the attorney for Morris in the place of the attorneys who had represented him at and prior to the time he entered his plea of guilty. The case was then continued to August 11, 1958. On August 11, the matter was continued to August 18, 1958. On the latter date, upon being arraigned for judgment, Morris was asked if there was any legal cause "why sentence should not now be pronounced." His attorney, Mr. Bernay, then stated that there was legal cause, namely, that "the defendant feels that he is not guilty of the offense to which he has entered his plea of guilty." The following discussion then occurred: "THE COURT: When did he decide that? He didn't decide that at any other hearing. Was it after the other defendants were sentenced? MR. BERNAY: No, your Honor, that is not true. This matter has been under consideration for some time, as your Honor knows from the record of this case. I wasn't the original counsel in this matter. This matter arose out of the situation on which the original charge

.was filed by the District Attorney and that was Kidnaping against all four defendants, and the record also shows that the defendants were all represented by one office here, one legal firm in town. The defendant feels that by reason of the fact that he was represented by the same counsel that represented the others, and for the reason that it appears to be borne out by the facts, that in order to get a disposition of the matter as to the remaining three defendants, it was necessary for this defendant also to enter a plea of guilty to the less serious offense, to which he entered his plea in that matter, to wit, that of false imprisonment. He feels that when he consented to doing that, that he was confused; that he did not feel that he fully understood the implications of what he was doing, and that he had not an opportunity to think this thing through more clearly. A matter of two hours was given him to make up his mind as to whether he was going to go along with the rest of them in order that the District Attorney's office would accept that plea. For those reasons and for the reasons that he does not believe himself guilty of this offense— I might add, in support of the defendant's motion that will be made in a moment—that from the information I have received, there is a serious doubt in my mind as to this individual's arrest. As a matter of fact, it is a question of law whether he was guilty of either the original charge or the charge to which he has entered his plea of guilty. For that reason, the defendant Morris now asks leave of court to withdraw his plea of guilty heretofore entered to the charge of False Imprisonment and be permitted to enter a plea of not guilty, as charged in that Information. THE COURT: Motion is denied.''[2]

It is thus clear that the appellant had had new counsel for more than a month before the date of judgment and was then fully aware of the matters upon which his last application for

[2]In his notice of appeal in the matter presently before the court, the appellant has stated: ''Defendant requests that the record on appeal contain the same documents heretofore filed with the District Court of Appeal, Second Appellate District, in this matter, upon which defendant's motion for Writ of Error Coram Nobis was made in the above-entitled ·Court on June 30, 1959.'' While the appellant has not expressly requested that the reporter's transcript on his prior appeal from the judgment be considered as part of the record on this appeal, we take judicial notice thereof so that a proper and complete disposition may be made of the present appeal. (See *Watson* v. *Los Altos School Dist.*, 149 Cal. App.2d 768, 772 [308 P.2d 872]; *Eistrat* v. *Brush Industrial Lumber Co.*, 147 Cal.App.2d 628, 630 [305 P.2d 715]; *Hammell* v. *Britton*, 19 Cal.2d 72, 75 [119 P.2d 333].) However, as pointed out later in this opinion, the ultimate conclusion would be the same if such judicial notice were not taken.

a writ of error *coram nobis* was based. He has shown no reason why the matter could not have been as fully presented at that time as was attempted to be done by affidavits on the subsequent applications made on Morris' behalf by Mr. Chol.

■ "The function of the writ of error *coram nobis* is to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if it had been made known to the trial court, and which, through no negligence or fault of the defendant, was not brought forward before the rendition of judgment." (*People* v. *Gennaitte,* 127 Cal.App.2d 544, 548 [274 P. 2d 169].) ■ In the present case, on an appeal from the judgment of conviction[3] the appellate court could have reviewed the order denying the motion for permission to withdraw the plea of guilty. (*People* v. *Smith,* 120 Cal.App.2d 531, 536 [261 P.2d 306] ; *People* v. *Alexander,* 130 Cal.App.2d 529, 532 [279 P.2d 128] ; *People* v. *Caruso,* 174 Cal.App.2d 624, 630 [345 P.2d 882].) ■ As stated in *People* v. *Fritz,* 140 Cal. App.2d 618, at page 621 [295 P.2d 449] : "And the writ cannot be used to serve the purpose of an appeal when this remedy was lost through failure to invoke it in time even though such failure occurred without fault or neglect on the part of the one seeking the remedy." (See also *People* v. *Coyle,* 88 Cal. App.2d 967, 970-971 [200 P.2d 546] ; *People* v. *Coffman,* 105 Cal.App.2d 164, 167 [233 P.2d 117] ; *People* v. *Gennaitte, supra,* 127 Cal.App.2d 544, 548; *People* v. *Reeves,* 135 Cal. App.2d 449, 452 [287 P.2d 544] ; *People* v. *Mendez,* 144 Cal. App.2d 500, 503 [301 P.2d 295] ; *People* v. *Millwood,* 150 Cal. App.2d 154, 156 [309 P.2d 495].) ■ It is clear, therefore, that the appellant cannot prevail on this appeal for, as said in *People* v. *Adams,* 100 Cal.App.2d 841, at page 844 [224 P.2d 873] : "Furthermore, appellant has not brought his case within the narrow scope of *coram nobis,* for it is apparent that all the facts upon which he relies were known to him before judgment, that they were then called to the attention of the trial judge, and that neither fraud nor misrepresentation by the prosecution is relied upon."

It should be further noted that the affidavits offered in support of the application for a writ of error *coram nobis* failed to show that the matters therein relied upon were not known

---

[3]Section 1237 of the Penal Code is in part as follows: "An appeal may be taken by the defendant: 1. From a final judgment of conviction; an order granting probation shall be deemed to be a final judgment within the meaning of this section."

268

to the appellant and could not have been presented to the trial court prior to judgment. "The applicant for the writ 'must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ; otherwise he has stated no ground for relief.' (*People* v. *Shorts* (1948), 32 Cal.2d 502, 513 [197 P.2d 330].)" (*People* v. *Adamson,* 34 Cal.2d 320, 327 [210 P.2d 13]; see also *People* v. *Ayala,* 138 Cal.App.2d 243, 246 [291 P.2d 517]; *People* v. *Mendez, supra,* 144 Cal. App.2d 500, 503.) Hence, even if the proceedings before judgment wherein the appellant sought to withdraw his plea of guilty be disregarded, he has shown no basis for the issuance of the writ which he sought on June 30, 1959.

The order is affirmed.

Shinn, P. J., and Vallée, J., concurred.