[Crim. No. 1618. Fourth Dist. Dec. 17, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. DEAN
HINKLEY, Defendant and Appellant.

Edward E. Marsh, Jr., under appointment by the District Court of Appeal, and Marsh, Graves & Hewins, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Rose-Marie Gruenwald, Deputy Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.—In July 1961, the defendant was charged with, tried by a jury for, and convicted of the offense of receiving stolen property, a violation of section 496 of the Penal Code. He applied for and obtained probation by an order dated August 22, 1961. The term of probation was five years. Imposing of sentence was suspended accordingly. The conditions of probation, among others, were confinement in a county detention facility for six months, and payment of a $500 fine. He did not move for a new trial, nor appeal from

the order placing him on probation (Pen. Code, § 1237), by which, if desired, he could have obtained both trial and appellate review of the proceedings which culminated in his conviction. The time to do so has expired. As a consequence, his conviction and the order granting probation have become final.

Nevertheless, on March 27, 1963, the defendant moved the trial court "to vacate the conviction and judgment ... of August 23, 1961," apparently referring to the order of August 22, 1961 granting probation, and also moved "to dismiss the complaint" against him, apparently referring to the information in the case, upon the ground that the court had erred in giving an instruction upon a statutory presumption which the Supreme Court of this state, since the trial, has declared unconstitutional. The instruction in question set forth *in haec verba* the provisions of section 496 of the Penal Code; advised the jury, in substance, that any person who "buys or receives" stolen property from a minor under 18 years of age is presumed to know that it has been stolen; and was the same as that considered by the court in *People* v. *Stevenson*, 58 Cal.2d 794, 798 [26 Cal.Rptr. 297, 376 P.2d 297], decided November 20, 1962, which held that: "Section 496 of the Penal Code is unconstitutional insofar as it provides for a presumption of guilty knowledge on the part of one who 'receives' stolen property from a minor under the age of 18, and the instruction based on that presumption was erroneous." The motion to vacate and dismiss was denied.

The defendant appeals, and contends that the motion as made was a proper method by which to obtain a reversal of the "judgment and conviction" predicated upon the allegedly erroneous instruction to which he now objects, even though he did not move for a new trial or appeal from the order granting him probation because, during the time within which he might have done so, he did not know that the provisions of section 496 of the Penal Code which were the basis for that instruction were or would be declared unconstitutional by the Supreme Court; that, during the time aforesaid, in determining the propriety of the instruction as given, he relied upon the law as stated in section 496 of the Penal Code; that the decision of the Supreme Court in *People* v. *Stevenson, supra,* 58 Cal.2d 794 changed the law; and that he should not be deprived of an opportunity to urge an error which he claims resulted in his conviction because he failed to prophesy the action of the Supreme Court in the premises.

■ At this juncture, it is proper to note that although the defendant in the instant case was charged with receiving stolen property from a minor, the evidence showed without dispute that he purchased the same. In *People* v. *Stevenson, supra,* 58 Cal.2d 794, 798, there was no evidence that the defendant had purchased the stolen property received by him; section 496 was declared unconstituitional "insofar as it provides a presumption of guilty knowledge on the part of one who 'receives' stolen property from a minor"; a determination respecting the constitutionality of the statute insofar as it applied to a person who 'buys' stolen property from a minor was reserved for future consideration and, thus, was not a direct holding that the subject instruction, when applied to circumstances such as those in the instant case, was erroneous. ■ In addition, the testimony of the minor in this case was sufficient to support the conclusion that the defendant knew the property he was purchasing had been stolen. This and other circumstances in the case might have justified a determination that any alleged error in giving the instruction was not prejudicial. The mere fact that the instruction in question was erroneous, of itself, would not have required a reversal of the conviction on appeal, as is demonstrated by the decision in *People* v. *Stevenson, supra,* 58 Cal.2d 794, which specifically considered the issue of prejudice in the light of the evidence at hand.

■ Where a judgment or an order granting probation in a criminal case has become final, it may not be vacated thereafter unless the facts support an application therefor in the nature of a writ of error *coram nobis,* or the judgment or order is void on its face. (*People* v. *Behrmann,* 34 Cal.2d 459, 462 [211 P.2d 575]; *People* v. *O'Neal,* 204 Cal.App.2d 707, 708 [22 Cal.Rptr. 641].) The instant application was not based upon a claim that the judgment was void on its face. Such is not the fact. Therefore, the question for determination on appeal is whether the facts heretofore related will support a petition for a writ of error *coram nobis.*

■ The writ of error *coram nobis* is an extraordinary remedy; is available to set aside a judgment of conviction upon a showing "amounting to, akin to, or in the nature of extrinsic fraud or some other lack of due process, or, as has often been said in substance, upon proof that a fact existed which could not in the exercise of due diligence by the defendant have been proved at the trial, and which, if known then, would have precluded the judgment from being en-

tered.'' (*People* v. *Shorts*, 32 Cal.2d 502, 508 [197 P.2d 330]); ''does not lie to correct errors of law'' (*People* v. *Tuthill*, 32 Cal.2d 819, 822 [198 P.2d 505]), including erroneous instructions to the jury (*People* v. *Weatherford*, 87 Cal.App.2d 275, 277 [196 P.2d 832]); and will not issue where the point relied upon was an error reviewable on a motion for a new trial or appeal (*People* v. *Lumbley*, 8 Cal.2d 752, 759 [68 P.2d 354]), even though the failure to do so was without fault or neglect on the part of the defendant. (*People* v. *Reid*, 195 Cal. 249, 260 [232 P. 457, 36 A.L.R. 1435].) The foregoing rules have been stated time and time again.[1]

In the case at bar the defendant sought to vacate the ''judgment'' because of an alleged error of law which could have been corrected upon motion for a new trial or an appeal. Under these circumstances, the relief sought was not obtainable upon an application for a writ of error *coram nobis*. The giving of the subject instruction, if error, constituted an irregularity in the proceedings, and did not constitute a denial of due process, even though the statute upon which it was based was unconstitutional for that reason. (*People* v. *Weatherford*, *supra*, 87 Cal.App.2d 275, 278.) The defendant was afforded the opportunity to correct the alleged error by motion for a new trial or an appeal which satisfied the due process of law requirements in the premises. The fact that the Supreme Court of this state declared section 496 of the Penal Code unconstitutional, and an instruction based thereon erroneous, after the time within which the defendant might have attacked the subject ''judgment'' by motion for a new trial or an appeal, upon the ground that it was the result of a similar erroneous instruc-

---

[1](*People* v. *O'Neal*, 204 Cal.App.2d 707, 709 [22 Cal.Rptr. 641]; *People* v. *Gatewood*, 182 Cal.App.2d 724, 726 [6 Cal.Rptr. 447]; *People* v. *Tannatt*, 181 Cal.App.2d 262, 267 [5 Cal.Rptr. 256]; *People* v. *Fowler*, 175 Cal.App.2d 808, 810 [346 P.2d 792]; *People* v. *Gurule*, 169 Cal.App.2d 280, 282 [337 P.2d 111]; *People* v. *Lewis*, 166 Cal.App.2d 602, 605 [333 P.2d 428]; *People* v. *Mason*, 163 Cal.App.2d 630, 632 [329 P.2d 614]; *People* v. *Tucker*, 154 Cal.App.2d 359, 361 [316 P.2d 417]; *People* v. *Smith*, 150 Cal.App.2d 663, 664 [310 P.2d 480]; *People* v. *Carroll*, 149 Cal.App.2d 638 [309 P.2d 128]; *People* v. *Hayman*, 145 Cal.App.2d 620, 623 [302 P.2d 810]; *People* v. *Gamboa*, 144 Cal.App.2d 588, 590 [301 P.2d 390]; *People* v. *Payne*, 140 Cal.App.2d 609, 612 [295 P.2d 415]; *People* v. *Fritz*, 140 Cal.App.2d 618, 621 [295 P.2d 449]; *People* v. *Stapleton*, 139 Cal.App.2d 512, 514 [293 P.2d 793]; *People* v. *Olgin*, 139 Cal.App.2d 807, 809 [294 P.2d 461].)

tion, did not authorize an indirect extension of that time through use of a motion to vacate that "judgment." (*People* v. *Cahan*, 135 Cal.App.2d 287, 288 [287 P.2d 6].) The defendant in the instant case had the same opportunity as the defendant in *People* v. *Stevenson, supra*, 58 Cal.2d 794 to attack the constitutionality of section 496 of the Penal Code. His failure to do so, even though without fault or neglect, was not a basis for issuance of a writ of error *coram nobis*. (*People* v. *Reid, supra*, 195 Cal. 249, 260; *People* v. *Tannatt*, 181 Cal.App.2d 262, 267 [5 Cal.Rptr. 250]; *People* v. *Payne*, 140 Cal.App.2d 609, 612 [295 P.2d 415].)

■ Apparently recognizing the effect of the rules of law governing the availability of relief upon an application for a writ of error *coram nobis*, the defendant, on oral argument of this cause, contended that his motion before the trial court did not constitute such an application. If this be the fact, for the reasons heretofore noted, the court had no jurisdiction to entertain the motion, and the purported appeal from the order denying such would be ineffective. (*People* v. *Behrmann, supra*, 34 Cal.2d 459, 462; *People* v. *Zolotoff*, 48 Cal. App.2d 360, 363 [119 P.2d 745]; *People* v. *Carkeek*, 35 Cal. App.2d 499, 505 [96 P.2d 132].) However, as a general rule, a motion to vacate a judgment, in effect, is in the nature of an application for a writ of error *coram nobis* whether or not it is so designated. (*People* v. *Mason*, 163 Cal.App.2d 630, 632 [329 P.2d 614]; *People* v. *Jennings*, 121 Cal.App.2d 531, 532 [263 P.2d 37].) "Our laws permit an appeal in *coram nobis* proceedings, either by the People (Citations) or by the defendant. [Citations.]" (*People* v. *Shorts, supra*, 32 Cal.2d 502, 506-507; in accord: *People* v. *Tuthill, supra*, 32 Cal.2d 819, 821, 827; *People* v. *Gilbert*, 25 Cal.2d 422, 444 [154 P.2d 657].) Under these circumstances, we have considered the appeal from the order denying the subject motion on its merits; have concluded that the facts upon which it was based did not bring it within the scope of a writ of error *coram nobis* application; and that the order was proper.

The order is affirmed.

Griffin, P. J., and Brown (Gerald), J., concurred.