THE PEOPLE OF PUERTO RICO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, HUMACAO PART, LUIS PEREYÓ, JUDGE, Respondent; FRANCISCO CONDE PEÑA, Intervener.

No. C-64-8.    Decided December 10, 1964.

*J. B. Fernández Badillo, Solicitor General,* and *Manuel Tirado Viera, Assistant Solicitor General,* for petitioner. The intervener did not appear.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE RIGAU delivered the opinion of the Court.

The question involved in this case is a phase of the problem of whether a court of first instance may alter a sentence imposed in a criminal prosecution after the prisoner has undertaken its execution.

■ Forthwith we must distinguish between two different situations: one, where the sentence is valid; and another, where the sentence is illegal, void, or defective. We have already held that the courts may correct illegal, void, erroneous or defective sentences. *González De Jesús* v. *Delgado, Warden*, 90 P.R.R. 30 (1964); *People* v. *Lozano Díaz*, 88 P.R.R. 817 (1963); *People* v. *García*, 83 P.R.R. 414 (1961); *Estremera* v. *Warden*, 74 P.R.R. 188, 193 (1952). See, also, *Bozza* v. *United States*, 330 U.S. 160 (1946); *In re Bonner*, 151 U.S. 242 (1894); *Reyes* v. *United States*, 262 F.2d 801 (1959); *Enzor* v. *United States*, 262 F.2d 172 (1958); *Mathes* v. *United States*, 254 F.2d 938 (1958); *Hayes* v. *United States*, 249 F.2d 516 (1957), *cert. denied*, 356 U.S. 914 (1957).

It is likewise provided by the Rules of Criminal Procedure of Puerto Rico (1963). Rule 185 provides in part in subd. (a) that "The trial court may correct an illegal sentence at any time," and in subd. (b) that "Clerical mistakes in judgments . . . may be corrected by the court at any time and after notice is given to the parties, if the court so orders." Rules 35 and 36 of the Federal Rules of Criminal Procedure provide likewise. It could not be otherwise. As stated by the Supreme Court of the United States speaking through Mr. Justice Black, "The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner," *Bozza* v. *United States, supra* at 166.

In the case at bar we have before us the other situation above mentioned, namely, where the original sentence is valid. Let us see the facts.

On June 11, 1948, Francisco Conde Peña was sentenced for the offenses of murder in the second degree and attempt to kill. He was sentenced to serve consecutively the two sentences imposed for those two offenses. Fifteen years later, on December 20, 1963, a superior judge, at the prisoner's request, ordered that the sentences be served concurrently. At the request of the Solicitor General, we issued a writ of certiorari to review the validity of said order.

■■ Regarding the situation herein present, the weight of authority maintains that a valid sentence may not be modified in any way after the prisoner has entered upon its execution. It should be noted that this rule presupposes a valid sentence. Annotation, 168 A.L.R. 706, 707. In support of this rule, the fiction has been generally used that from the time of the arrest to the time of conviction the prisoner is under judicial custody, and that executive custody commences from the time of reception of the prisoner by the warden of the penitentiary or by his agents, and that, therefore, from the time the person is placed under executive custody the trial court is without power to alter the sentence execution of which has been undertaken. For an exposition of this doctrine, see *Santiago* v. *Warden*, 74 P.R.R. 578, 582 (1953). Although the rationale of this rule is difficult to explain—for we see no practical difference for the prisoner if he is detained under judicial custody or is under executive custody, and further, the police officers and the penal guards in charge of his custody are agents of the executive —that rule has the virtuality of being clear and easy to apply, thereby giving certainty to the law on this matter. The rule fully accomplishes a desirable practical purpose and we shall not alter it.

In some jurisdictions where the courts of instance sit during specified terms within a year, it has been held that a valid sentence may be modified, by way of mitigation, even

though execution has been entered upon, provided the court makes the modification during the term at which the sentence was imposed. Annotation, 168 A.L.R. at p. 714. As a basis for this other rule it has been suggested that because of the duration of the term of the court, its judgments, decrees, and orders are in the breast of the court and are therefore subject to be amended. This rule dates back to the old English common law. We find an exposition of the rule in Coke (17th century) in his commentaries on Littleton (15th century).[1] More recently Mr. Justice Sutherland has followed the same rule in *United States* v. *Benz*, 282 U.S. 304, 306 (1931).[2]

This is not the situation in Puerto Rico where the courts of instance sit during the entire year. In Puerto Rico, as in other jurisdictions where the Rules of Criminal Procedure provide for this situation, the courts are governed by the provisions thereof and they are bound to observe the terms therein provided. 4 Barron and Holtzoff, Federal Practice and Procedure, § 2304.

Prior to our Rules of Criminal Procedure the question herein raised was governed in Puerto Rico by the ruling in *People* v. *Superior Court*, 78 P.R.R. 135 (1955). In that case petitioner was sentenced for an offense of murder in the second degree, and three years later he obtained a reduction in the penalty imposed. At the Solicitor's request, we issued a writ of certiorari and held that respondent court was without power to reconsider its original sentence since

---

[1] ". . . yet during the terme wherein any judicial act is done, the record remaineth in the brest of the judges of the court, and in their remembrance, and therefore the roll is alterable during that terme, as the judges shall direct; but when the terme is past, then the record is in the roll and admitteth no alteration, averment of proofe to the contrarie." *Coke on Littleton*, 260(a), cited in 25 Temple L.Q. 217.

[2] The most realistic approach which we have seen on this entire matter is found in a note entitled *"The Judicial Finality of a Criminal Sentence"* published in 44 Harv. L. Rev. 967 *et seq.*

execution thereof had been undertaken (at 136). See, also, *People* v. *Carbone*, 59 P.R.R. 608, 617 (1941).

Subsequent cases similar to the case of *People* v. *Superior Court, supra,* have been decided in the federal and state jurisdictions in the same manner as in *People* v. *Superior Court, supra.* See *Affronti* v. *United States,* 350 U.S. 79 (1955);[3] *Lipscomb* v. *United States,* 273 F.2d 860 (1960); *Egan* v. *United States,* 268 F.2d 820 (1959); *Righi* v. *People,* 359 P.2d 656 (1961); *People* v. *Rittger,* 362 P.2d 38 (1961); and *People* v. *Mason,* 329 P.2d 614 (1958).

Rule 185 of the Rules of Criminal Procedure of Puerto Rico provides in part that the court "may, for a justifiable cause and in furtherance of justice, reduce any sentence within ninety days of its pronouncement, provided that the said sentence is not on appeal, or within sixty days after receipt of a mandate upon affirmance of the judgment or dismissal of the appeal or after receipt of an order denying an application for a writ of certiorari." In the case at bar the petition and modification of the sentence was made 15 years after its pronouncement.

■ As may be seen, it is clear that neither under the law prior to the Rules nor under the Rules the order challenged herein, entered on December 20, 1963 by the Superior Court, may be deemed valid. To permit the trial courts to reopen cases 15 years after they have been closed would be to impress upon the administration of penal law an intolerable uncertainty. If the case at bar has any merits, petition may be made for executive clemency.

The order entered in this case by the Superior Court on December 20, 1963, will be set aside.

---

[3] Although this case involves a probationary act, the Court reaches the same conclusion reached in *People* v. *Superior Court, supra,* vol. 78, on the ground that since the act does not provide otherwise the District Court was without power to amend the sentence after service thereof had commenced.